**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

The Trustees of the Minnesota Ceramic Tile and Allied Trades Fringe Benefit Funds,

Civil File No. 01-193 JRT/FLN

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Beretania Services, Inc., a Minnesota corporation; a/k/a Beretania Construction Services, Randi K. Simons a/k/a Randi K. Simons-Endersley,

Defendants.

---

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No one, appeared for Co-Defendant, Beretania Services, Inc.

---

This matter came on for hearing before the Court on October 31, 2001, on Plaintiffs' motion for entry of default against Co-Defendant, Beretania Services, Inc. ("Beretania") for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. That Beretania was served with the Summons and Complaint through the Minnesota Secretary of State in the present action on January 26, 2001.

2. That Beretania is neither an infant nor incompetent person.

3. That Beretania has failed to Answer, or otherwise defend, and is in default.

FILED [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD [illegible]
DEPUTY CLERK

4. Beretania is signatory to the Independent Agreement between the Minnesota Tile Contractors Association and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota (Tile Layers and Finishers, Chapter 18).

5. Pursuant to the above-referenced Independent Agreement, Beretania is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Beretania's delinquency because it has a continuing obligation to provide benefits regardless of whether Beretania submits the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Beretania resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Independent Agreement, and ERISA.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion for entry of Beretania's default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule

65(c) of the Federal Rules of Civil Procedure, because Beretania will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Beretania is in default, and Plaintiffs are entitled to judgment against Beretania for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees, and costs.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Beretania's books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, attorney fees, audit fees and costs. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Beretania, Beretania Services, Inc. in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 31, 2001

John R. Tunheim
United States District Judge